IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No.  13 C 8704 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clyde Williams sued defendant Wal-Mart Stores, Inc. in this court alleging personal injuries plaintiff incurred as a result of an assault and battery that occurred in defendant's Wal-Mart store in Hammond, Indiana.  Defendant has moved to transfer this matter to the Hammond Division of the Northern District of Indiana.  For the reasons discussed below, the motion to transfer is granted.

## BACKGROUND

On November 28, 2013, plaintiff, a resident of Chicago, Illinois, went to one of defendant's Wal-Mart stores located in Hammond, Indiana.  While waiting in line for a "Black Friday Sale" at Wal-Mart, plaintiff alleges that a security guard employed by defendant began to loudly, degradingly, abusively, and angrily yell at plaintiff.  Plaintiff contends that the security guard then viciously physically attacked and assaulted him, and that he was ultimately placed under arrest.  Shortly afterwards, plaintiff was taken in an ambulance to Franciscan St. Margaret Health Hospital Emergency Room located in Hammond, Indiana, where he received medical care.

**DISCUSSION**

A motion to change venue is governed by 28 U.S.C. § 1404(a), which provides that "for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." The court may transfer venue when: "(1) venue is proper in this district; (2) venue and jurisdiction are proper in the transferee district; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interest of justice." Spread Spectrum Screening, LLC v. Eastman Kodak Co., 2010 WL 3516106 at *3 (N.D. Ill. 2010) (citing Jaramillo v. DineEquity, Inc., 664 F. Supp.2d 908, 913 (N.D. Ill. 2009) (internal quotations omitted).

"A civil action may be brought in [ ] a judicial district in which any defendant resides . . . 28 U.S.C. § 1391(b)(1). A corporate defendant shall be deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c). In the instant case, defendant is an entity authorized to do business in the State of Illinois and has multiple stores located in the Eastern Division of the Northern District of Illinois. Venue is therefore proper in the instant forum. Defendant is also authorized to do business in the State of Indiana, and the alleged incident took place at one of defendant's Wal-Mart stores in Hammond, Indiana. Hammond is located in Lake County, Indiana, sitting within the jurisdiction of the Hammond Division of the Northern District of Indiana. Venue is therefore also proper in the Hammond Division of the Northern District of Indiana.

To determine whether one venue is more convenient than another, the court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access

to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. Spread Spectrum, 2010 WL 3516106 at *3. Moreover, "because § 1404(a) does not specify the weight to be accorded each factor, it is left to the descretion [sic] of the court." Heller Financial, Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1127 (N.D. Ill. 1989).

In the instant case, plaintiff's chosen forum, the Northern District of Illinois, is plaintiff's home forum. Nevertheless, the instant forum lacks any substantial connection to the underlying cause of action. Although the plaintiff's choice of forum is generally given great weight when it is the plaintiff's home forum, Spread Spectrum, 2010 WL 351606 at *3, that choice "has reduced value where the forum lacks any significant contact with the underlying cause of action[.]" Ambrose v. Steelcase, Inc., 2002 WL 1447871 at *2 (N.D. Ill. 2002) (citing Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1050 (N.D. Ill. 1982)) (internal quotation marks omitted). Therefore, although plaintiff's "choice of forum is entitled to some deference, the weight accorded . . . is reduced by the fact that the [Hammond Division of the Northern District of Indiana] is the situs of material events." Heller Financial, 713 F. Supp. at 1130.

The third convenience factor, the relative ease of access to sources of proof, also favors transfer. The witnesses to the alleged incident, employees of defendant's Wal-Mart store, and the relevant proof giving rise to plaintiff's claims are located within Lake County, Indiana. Additionally, plaintiff received medical care from a facility in Hammond, Indiana. The only source of evidence located in the instant forum is plaintiff himself, and by the very nature of his complaint he has established that he visits Hammond to shop.[1] The court therefore concludes

---

[1]In addition, in a recent discovery-related motion, plaintiff attested that he has recently visited defendant's Hammond store to interview employees and investigate the security camera
(continued...)

that the relative ease of access to the sources of proof favors transfer to the Hammond Division of the Northern District of Indiana.

Under the fourth factor, convenience of the parties, plaintiff argues that it would be more convenient for him to litigate the present action in the instant forum. "This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum." Id. Plaintiff argues that because he is disabled, indigent, primarily wheelchair bound, and a pro se litigant, it would not be in the interest of justice to transfer this case to the Hammond Division of the Northern District of Indiana. Alternatively, defendant submits plaintiff's hospital records from Franciscan St. Margaret Health indicating that plaintiff was able to ambulate and "move about just fine" before being discharged home to self-care on November 28, 2013. Moreover, defendant asserts that there is public transportation to the Hammond, Indiana courthouse, which is relatively close to plaintiff's home on the south side of Chicago.

Plaintiff also argues that defendant's counsel's office is located in Chicago, Illinois, and as such the Eastern Division of the Northern District of Illinois would be a more convenient forum. Nevertheless, "[t]he convenience and location of counsel have never been accorded weight in a transfer analysis." Ambrose, 2002 WL 1447871 at *7 n. 3 (citing Hemstreet v. Scan-Optics, Inc., 1990 WL 36703 at *4 (N.D. Ill. 1990)). Therefore, while the court is sympathetic to plaintiff's request and limited financial means, because the instant forum bears no significant

---

[1](...continued)
system.

connection to plaintiff's claim and the location of counsel's office is not relevant, the convenience to plaintiff is not dispositive.

The fifth factor, convenience of the witnesses, "is often viewed as the most important factor in the transfer balance." Ambrose, 2002 WL 1447871 at *3 (quoting Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999)) (internal quotation marks omitted). In evaluating this factor, "the Court considers not only the number of witnesses located in each forum but also the nature and importance of their testimony." Rhode v. Central R.R. of Indiana, 951 F. Supp. 746, 748 (N.D. Ill. 1997) (internal quotation marks omitted). In the instant case, plaintiff asserts that the security guard employed by defendant's store works for Sigma Security, a company located in Flossmoor, Illinois. Defendant, however, believes that the security guard employed by Sigma Security lives in Indianapolis, Indiana. Defendant also submitted an affidavit asserting that all of the employees with knowledge of the alleged incident who may be called to testify work or reside in Lake County, Indiana. Additionally, defendant contends that any medical care providers with information pertaining to the care and treatment of plaintiff work, and will likely be deposed, in Lake County, Indiana. Accordingly, the court concludes that the Hammond Division of the Northern District of Indiana is a more convenient forum for the witnesses than the instant forum.

Transfer must also be in the interest of justice. 28 U.S.C. § 1404(a). The likelihood of a speedy trial, possibility of consolidation, and the court's familiarity with particular law are all factors that this court considers when evaluating whether transfer is in the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). Additionally, the relationship of the community to the litigation and the desirability of resolving disputes in their

location are other factors that determine the interest of justice. Spread Spectrum, 2010 WL 351606 at *5. This is a routine personal injury action, and both courts are equally familiar with the underlying law. Moreover, defendant contends that the Hammond Division of the Northern District of Indiana has an interest in resolving controversies that arose in its division. Accordingly, the court concludes that the interest of justice favors transfer.

## CONCLUSION

For the reasons stated above, defendant's motion to transfer to the Hammond Division of the Northern District of Indiana is granted.


**ENTER:** April 10, 2014

_____
**Robert W. Gettleman
United States District Judge**